# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| **Amira A. Guirgis,** | X |
| *Plaintiff*, | X |
| | X |
| v. | X |
| | X |
| **Kevin McAleenan**, Acting Secretary, Department | X   Case No. |
| Of Homeland Security; **L. Francis Cissna**, | X |
| Director, Citizenship and Immigration Services; | X |
| **Donald Neufeld**, Associate Director, Service | X |
| Center Operations; | X |
| *Defendants*. | X |

## COMPLAINT SEEKING REVIEW OF FINAL AGENCY ACTION PURSUANT TO THE ADMINISTRATIVE PROCEDURE ACT AND ALTERNATIVE REQUEST FOR ISSUANCE OF WRIT OF MANDAMUS

To the Honorable Judge of Said Court:

## I. INTRODUCTION

This action is brought by Plaintiff to request that this Court exercise its authority to review a Form I-485, Application to Register Permanent Residence or Adjust Status ("Form I-485"). This application was filed with United States Citizenship and Immigration Services ("USCIS") on or about August 21, 2017 and denied via a decision dated February 12, 2019. Were the agency to vacate its decision and reopen the administrative proceedings, Plaintiff would request that this Court compel Defendants to adjudicate Plaintiff's Form I-485 within a reasonable period thereafter.

## II. PARTIES

1. That the Plaintiff, **Amira Guirgis (A 205-367-667)**, is a native and citizen of Egypt.

2. That the Defendant, **Kevin McAleenan**, is the Acting Secretary of the Department of Homeland Security.  He is responsible for the administration and enforcement of the Immigration and Nationality Act in accordance with 8 U.S.C. §1101 *et seq*.  Defendant McAleenan is being sued in his official capacity.

3. That the Defendant, **L. Francis Cissna**, is the Director of USCIS, an agency of the United States government involved in the acts challenged in this action.  Defendant Cissna is being sued in his official capacity.

4. That the Defendant, **Donald Neufeld**, is the Associate Director of the Service Center Operations of USCIS.   Defendant Neufeld is being sued in his official capacity.

## III. JURISDICTION

5. That jurisdiction is conferred by 5 U.S.C. §704.  Plaintiff is aggrieved by adverse final agency action in this case, as the Administrative Procedure Act requires in order to confer jurisdiction on the District Courts, 5 U.S.C. §§702 *et seq.*

6. That this is a civil action brought pursuant to 28 U.S.C. §§ 1331 and 1361 to redress the deprivation of rights, privileges and immunities secured to Plaintiff, by which jurisdiction is conferred, to compel Defendants to perform duties owed to Plaintiff.

7. That the aid of the Court is invoked under 28 U.S.C. §§ 2201 and 2202, authorizing a declaratory judgment.

8. That costs and attorney's fees will be sought pursuant to the Equal Access to Justice Act.  5 U.S.C. § 504 and 28 U.S.C. § 2412(d), *et seq*.

## IV. VENUE

9. That venue is proper in the Orlando Division of the Middle District of Florida as Plaintiff resides within Orange County, Florida, within the territorial jurisdiction of the Orlando Division.

## V. REMEDY SOUGHT

10. That Plaintiff asks this Court to review Defendants' February 12, 2019 denial of Plaintiff's Form I-485 in accordance with the Administrative Procedure Act ("APA"). 5 U.S.C. § 706. Were Defendants to vacate the agency's February 12, 2019 denial of Plaintiff's Form I-485, Plaintiff seeks aid from the Court to compel Defendants to adjudicate said application within a reasonable period thereafter.

## VI. CAUSE OF ACTION

11. That Plaintiff is a native and citizen of Egypt.

12. That on or about Sumpter 22, 2016, Plaintiff was granted status as an asylee.

13. That on or about August 21, 2017, Plaintiff filed a Form I-485 seeking to adjust her status to that of a Lawful Permanent Resident ("LPR") in accordance with 8 U.S.C. § 1159(b) based on her asylee status. This petition was assigned receipt number SRC-17-906-86431.

14. That after filing her Form I-485, Plaintiff moved several times and each time updated USCIS by submitting a service request to USCIS notifying the agency with her most current mailing address in accordance with 8 U.S.C. § 1305(a).[1]

---

[1] "Each alien required to be registered under this title who is within the United States shall notify the Attorney General in writing of each change of address and new address within ten days from the date of such change and furnish with such notice such additional information as the Attorney General may required by regulation." 8 U.S.C. § 1305(a).

15. That Plaintiff received no further correspondence from USCIS until Defendants issued a decision on or about February 12, 2019 denying Plaintiff's Form I-485 on grounds she had failed to respond to a Request for Evidence ("RFE") allegedly mailed to Plaintiff on or about September 21, 2018.

16. That when an RFE has been issued the applicant may

> "submit a complete response containing all requested information at any time within the period afforded; submit a partial response and ask for a decision based on the record; or withdraw the benefit requested."  8 C.F.R. § 103.2(b)(11).

17. That where an applicant fails to respond to the RFE, the requested benefit may be "denied as abandoned, denied based on the record, or denied for both reasons." 8 C.F.R. § 103.2(b)(13)(i).

18. That when an application is denied pursuant to 8 C.F.R. § 103.3, USCIS must notify the petitioner in writing and provide the specific reasons upon which the denial is based. 8 C.F.R. § 103.3(a)(1).

19. That Plaintiff never received the RFE allegedly provided to Plaintiff on or about September 21, 2018.

20. That Defendants' February 12, 2019 denial of Plaintiff's Form I-485 represents "final agency action" within the meaning of § 702 of the APA.  5 U.S.C. § 702.

21. That Plaintiff has suffered a "legal wrong" within the meaning of APA § 704. 5 U.S.C. § 702.  Plaintiff complied with the requirement to update her address with USCIS and never received the RFE that was allegedly issued on September 21, 2018.

22. That Plaintiff seeks the aid of this Court in reviewing "final agency action" pursuant to the APA and as discussed herein.

23. That there is no other reasonable remedy at law which will result in a timely resolution of the issues described above. Plaintiff's cause of action arises from administrative action wrongfully denied pursuant to the APA and Plaintiff seeks judicial review of the same pursuant to 5 U.S.C. §706(2).

24. That were the agency inclined to vacate its February 12, 2019 decision denying Plaintiff's Form I-485, Plaintiff invokes the aid of the Mandamus Act and the APA in compelling Defendants to adjudicate Plaintiff's application consistent with applicable statutory provisions, regulations and policy guidance. Further, Plaintiff would request that the agency be required to adjudicate the reopened Form I-485 in a time deemed "reasonable" based on the initial receipt of Plaintiff's Form I-485 by Defendants.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court:

1. Accept jurisdiction and maintain continuing jurisdiction of this action;

2. Conduct such hearings and examinations of Plaintiff as necessary to determine that the relief requested by Plaintiff is warranted as a matter of law;

3. Declare Defendants actions in the proceedings below as arbitrary and capricious, an abuse of discretion and not in accordance with the law pursuant to 5 U.S.C. § 706(2);

4. Were the agency to vacate its decision, Plaintiff would ask the Court to issue a preliminary and permanent injunction pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1) compelling Defendants to adjudicate Plaintiff's Form I-485 within a reasonable period of time;

5. Were the agency to vacate its decision, Plaintiff would ask the Court to issue a writ in the nature of mandamus, pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1),

compelling Defendants to adjudicate Plaintiff's Form I-485 within a reasonable period of time;

6. Grant attorneys' fees and costs of this suit under the Equal Access to Justice Act, 28 U.S.C. § 2412.

7. Grant such other relief as this Court may deem just and proper.

Respectfully submitted,
/s/  David Stoller  /s/
David Stoller, Esquire
Attorney for Plaintiff
Florida Bar #92797
4445 S. Conway Rd.
Orlando, Florida 32812
Phone: (407) 999-0088
Fax: (407) 382-9916
Email: david.stoller@davidstollerlaw.com

# Table of Contents
# Documents in Support of Complaint
# Amira Guirgis v. Kevin McAleenan, et al.

Exhibit 1 :   Form I-94, Departure Record, as evidence of Asylee Status;

Exhibit 2 :   Form I-797C, Notice of Action – Filing Receipt for Form I-485 (SRC 17-906-86431);

Exhibit 3 :   Service Requests made by Plaintiff to USCIS to update her address (October 24, 2017) (January 22, 2018) (February 9, 2018) (January 24, 2019) as evidence that Plaintiff properly informed USCIS of her changes in address;

Exhibit 4 :   Decision denying Plaintiff's Form I-485 (February 12, 2019).